# NO. 12-13-00190-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD MILLER BALL,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Donald Miller Ball appeals his conviction for aggravated sexual assault of a child for which he was sentenced to imprisonment for twenty-five years. We dismiss the appeal for want of jurisdiction.

## PROCEDURAL BACKGROUND

Pursuant to a plea bargain agreement, Appellant pleaded guilty to aggravated sexual assault of a child. The agreement, which was signed by Appellant and the prosecutor, provided that "there will be a cap on punishment of no more than 30 years confinement Texas Department of [C]riminal [J]ustice [I]nstitutional [D]ivision." The trial court accepted Appellant's guilty plea and, after a hearing on punishment, sentenced Appellant to twenty-five years of imprisonment. The trial court then certified Appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

The trial court's initial certification stated that the case is not a plea bargain case and the defendant has the right to appeal. The court filed a second certification stating that the case is a plea bargain case "but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived." The certification stated further that the defendant has the right to appeal as to punishment only.

The State filed a motion to dismiss contending that this is a plea bargain case, the sentence imposed by the trial court did not exceed the agreed thirty year cap, none of Appellant's issues relate to any pretrial motions ruled on by the trial court, and all of Appellant's pretrial motions were granted. *See* TEX. R. APP. P. 25.2(a)(2) (defendant pleading guilty where punishment did not exceed that recommended by prosecutor and agreed to by defendant has right to appeal only matters raised by written motion filed and ruled on before trial, or after getting permission to appeal). Accordingly, the State requested that the appeal be dismissed or, alternatively, that it be remanded to the trial court for recertification of Appellant's right to appeal. By order dated July 11, 2014, after reviewing the record and the State's motion, we granted the alternative relief requested and remanded the case to the trial court for recertification.

In compliance with this court's order, the trial court held a hearing and thereafter, on July 23, 2014, certified that this is a plea bargain case and Appellant has no right to appeal.

## RIGHT TO APPEAL

We have received the trial court's certification that this is a plea bargain case and Appellant has no right to appeal. *See* TEX. R. APP. P. 25.2(d). The certification is signed by Appellant and his counsel. However, Appellant has informed us that he signed the certification under duress, the trial court's second certification is correct, and he objects to the trial court's recertification that he has no right to appeal.[1] Nevertheless, based upon our review of the clerk's record and its supplements and the reporter's records from the plea, sentencing, and recertification hearings, we conclude that the appellate record supports the trial court's July 23, 2014 certification. *See **Dears v. State***, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Accordingly, the appeal is ***dismissed*** for want of jurisdiction.

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Appellant also contends that he changed his plea from "not guilty" to "guilty" based upon the contents of the trial court's first two certifications. Initially, we note that the plea bargain agreement includes an admonishment that "[w]here you plead guilty . . . with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed before trial." Moreover, we have reviewed the reporter's record of the plea and sentencing hearings, and neither includes any mention of either trial court certification.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00190-CR**

**DONALD MILLER BALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0434)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*